IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KENARD ANDERSON | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 13-4389 |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |

**ORDER**

AND NOW, this 23rd day of January, 2014, upon careful and independent consideration of Petitioner Kenard Anderson's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and the response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Reuter, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 8) is APPROVED and ADOPTED;[2]

2. Anderson's petition for writ of habeas corpus (Document 1) is DISMISSED without prejudice for failure to exhaust state remedies; and

---

[1] The Report and Recommendation was sent to all parties of record on December 13, 2013, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."). As of today's date, no objections have been filed.

[2] As set forth in the Report and Recommendation, Anderson has not demonstrated either that he has exhausted his federal constitutional claim regarding his speedy trial rights or that extraordinary circumstances are present, as required for this Court to exercise its pretrial habeas corpus jurisdiction. *See Moore v. DeYoung*, 515 F.2d 437, 443, 446 (3d Cir. 1975) (holding the alleged denial of a petitioner's right to a speedy trial is not "an extraordinary circumstance sufficient to dispense with the exhaustion requirement").

2

3. A certificate of appealability shall not issue, as Anderson has not demonstrated that reasonable jurists would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


　　/s/ Juan R. Sánchez　　
Juan R. Sánchez, J.